**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL D. HADDOCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2232-CM** |
| ) | |
| **METAL FUSION, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Michael Haddock brings this products liability action against defendants Metal Fusion, Inc.; Cabela's Retail, Inc.; Beijing Garden Inc.; and Golden Star Enterprises, Inc. This matter is before the court on Plaintiff's Motion Challenging the Admissibility of the Testimony of William R. Baynes (Doc. 54) and the Motion of Defendants Metal Fusion, Inc. and Cabela's Retail, Inc., to Strike Plaintiff's Proffered Testimony (Doc. 56).

**I.   Factual Background**[1]

Plaintiff alleges he was injured on May 10, 2003, while using a King Kooker, an aluminum cooking pot used to deep-fry turkeys and to boil seafood. He purchased the cooker from Cabela's in Kansas City, Kansas. Plaintiff alleges that while he was cooking lobster, the King Kooker's lid "erupted" from the pot and "spewed boiling water on plaintiff." Plaintiff received second degree burns to his face, chest, shoulders and arms. Defendants deny that the accident could have happened in the manner described by plaintiff and deny that similar accidents involving a King Kooker have occurred. The parties have designated experts; plaintiff designated J. Kenneth Blundell, Ph.D., and

---

[1] The parties agree on the facts for purposes of this motion.

defendants designated William R. Baynes. The experts conducted joint experiments on the King Kooker.

## II.   Legal Standard

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under this rule, the court examines whether the expert is initially qualified to give the opinion proposed and whether the opinion expressed meets the requirements of *Daubert*, in that it "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 591 (1993). This evaluation, commonly referred to as the court's "gatekeeping" function, extends not only to scientific testimony, but also to technical and other specialized testimony. *See Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141 (1999). Rejection of expert testimony has been the exception rather than the rule. Fed. R. Evid. 702, advisory committee notes (Dec. 1, 2000). "Vigorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595.

To determine reliability, the court may use the flexible *Daubert* test, which includes the following factors: "(1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant community." *Sawyer v. S.W. Airlines Co.,* 243

F. Supp. 2d 1257, 1266 (D. Kan. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 149).  The court may also consider other relevant factors, including an expert's qualifications, when determining reliability.  *Id.* (citations omitted).

To determine relevancy, the court considers whether the expert's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  The court should admit testimony that is "[so] sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Daubert*, 509 U.S. at 591 (quotation omitted).  Upon review of the record, the court finds that both Mr. Baynes and Dr. Blundell's proffered testimony is relevant to the issues in this case.

**III.    Discussion**

### *A.    William R. Baynes*

Plaintiff argues that the court should strike defendant's expert, Mr. Baynes, because (1) he is not qualified to testify as to plaintiff's burns and (2) his opinions regarding the condition of the King Kooker are not based on a reliable theory.  The court first addresses Mr. Baynes's opinion regarding plaintiff's burns.  In his deposition, Mr. Baynes stated that he believes that plaintiff was severely scalded by steam.  Mr. Baynes's expert report and opinions do not deal with plaintiff's burns.  Mr. Baynes is an engineer with thirty years of experience in the engineering field; however, nothing in the record suggests that Mr. Baynes is qualified to testify regarding plaintiff's burns.  To the extent that Mr. Baynes intends to testify regarding plaintiff's burns, the court finds that he is not qualified as an expert to offer such testimony.  Plaintiff's motion is granted with respect to Mr. Baynes's testimony regarding plaintiff's burns.

The court will next consider the issue of the reliability of Mr. Baynes's opinions regarding the condition of the cooker.  Mr. Baynes's opinions are very specific because they relate directly to the

-3-

King Kooker. But his opinions are based on sound engineering and scientific principles. The court finds that Mr. Baynes's opinions are reliable and will assist the trier of fact. Plaintiff's motion is therefore denied.

### B. *J. Kenneth Blundell, Ph.D.*

Defendants argue that Dr. Blundell is not qualified to testify about product defects in the design or manufacture of the cooker, its components, the lid, or the pot. Dr. Blundell has a B.S. in mechanical engineering, an M.S. in production engineering, and a Ph.D. in mechanical engineering. He has many years of industrial experience, has written publications on engineering, has been a professor of engineering, and has received numerous honors in the engineering field. After reviewing the record and Dr. Blundell's proffered opinions, the court finds that he is qualified to offer his expert opinion.

Defendants next argue that Dr. Bundell's opinions do not "rest on a reliable foundation." Dr. Bundell's opinions are narrowly tailored to the cooker at issue, and thus, his hypotheses regarding the King Kooker have not been subject to peer review; however, his opinions are based on fundamental engineering and scientific principles. The court finds that his testimony is reliable and will assist the trier of fact. The court denies defendants' motion to strike.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Challenging the Admissibility of the Testimony of William R. Baynes (Doc. 54) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Motion of Defendants Metal Fusion, Inc. and Cabela's Retail, Inc., to Strike Plaintiff's Proffered Testimony (Doc. 56) is denied.

Dated this 15th day of December 2006, at Kansas City, Kansas.

s/ Carlos Murguia

                                            CARLOS MURGUIA  
                                            United States District Judge