IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **MICHAEL D. HADDOCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2232-CM |
| ) | |
| **METAL FUSION, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael Haddock brings this products liability action against defendants Metal Fusion, Inc. ("Metal Fusion"); Cabela's Retail, Inc. ("Cabela's"); Beijing Garden Inc. ("Beijing Garden"); and Golden Star Enterprises, Inc. ("Golden Star"). This matter is before the court on the Motion of Defendants Metal Fusion, Inc. and Cabela's Retail, Inc. for Summary Judgment (Doc. 61); the Motion of Defendant Beijing Garden, Inc. for Summary Judgment (Doc. 63); and the Motion of Defendant Cabela's Retail, Inc. for Summary Judgment (Doc. 64).

### I.  FACTUAL BACKGROUND[1]

Plaintiff alleges he received second degree burns while using a King Kooker, an aluminum cooking pot used to deep-fry turkeys and to boil seafood. Plaintiff purchased the cooker from a Cabela's retail store owned and operated by defendant Cabela's in Kansas City, Kansas. The King Kooker is designed and manufactured by defendant Metal Fusion and was in a box labeled "Cabela's

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by the parties, and included only those that are relevant and material to the issues before the court and properly supported by the record.

Turkey Frying Kit."

Defendant Cabela's is a Nebraska corporation authorized to do business and doing business in Kansas. Defendant Cabela's sells the King Kooker, but has never manufactured the King Kooker, its components or its accessories. And its employees do not have training, knowledge or experience in designing or manufacturing cooking pots. Defendant Cabela's did not write or produce any of the instruction manuals or written materials that are packaged with the King Kooker; it passes on the manufacturer's directions and instruction manual that are contained within the product's packaging. Defendant Cabela's has never tested the King Kooker for safety or other hazards or inspected the cooker. Defendant Cabela's does not make any representation to consumers about the safety or proper use of the King Kooker.

The present civil action is the first and only notice that defendant Cabela's has received of possible defects in the design or manufacture of the King Kooker or of any injury from using the cooker.

## II.     STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.    DISCUSSION

    **A.**    **Motion of Defendants Metal Fusion, Inc. and Cabela's Retail, Inc. for Summary Judgment (Doc. 61) the Motion of Defendant Beijing Garden, Inc. for Summary**

**Judgment (Doc. 63)**

Defendants argue that the court should grant their motions for summary judgment because plaintiff cannot establish the existence of a specific defect or that the alleged defect caused plaintiff's injuries without expert testimony. Defendants' entire argument is based on the court striking plaintiff's expert, J. Kenneth Blundell, Ph.D. For the reasons set forth in its Order (Doc. 89, the court denied defendants' motion to strike plaintiff's expert; plaintiff's expert may testify at trial. After reviewing the record, the court finds that there are disputed issues of material fact that must be determined by the trier of fact. Defendants' motions are denied.

**B.     Motion of Defendant Cabela's Retail, Inc. for Summary Judgment (Doc. 64)**

Defendant Cabela's argues that it is entitled to summary judgment because it is an innocent seller or retailer under the Kansas Product Liability Act ("KPLA"), K.S.A. § 60-3301 et seq. The innocent seller defense is set out in K.S.A. § 60-3306, which provides that:

> A product seller shall not be subject to liability in a product liability claim arising from an alleged defect in a product, if the product seller establishes that:
> (a)  Such seller had no knowledge of the defect;
> (b)  such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care;
> (c)  the seller was not a manufacturer of the defective product or product component;
> (d)  the manufacturer of the defective product or product component is subject to service of process either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and
> (e)  any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.

To prevail on its motion, defendant Cabela's must establish each of these elements.

Plaintiff argues that there are genuine issues of material fact regarding (1) whether defendant Cabela's was a manufacturer for purposes of K.S.A. § 60-3306; (2) whether defendant Cabela's

-3-

could have discovered the defect while exercising reasonable care; and (3) whether judgment against the manufacturer defendant Metal Fusion is reasonably certain of being satisfied.

The court first considers whether defendant Cabela's is a "manufacturer" for purposes of K.S.A. § 60-3306. K.S.A. § 60-3302 is part of the KPLA and defines "manufacturer" to include "a product seller who designs, produces, makes, fabricates, constructs or remanufactures the relevant product or component part of a product before its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer, or that is owned in whole or in part by the manufacturer. " K.S.A. § 60-3302(b). Defendant Cabela's does not dispute that it is a "manufacturer" as defined by K.S.A. § 60-3302(b), but instead argues that the definition set out in K.S.A. § 60-3302 is irrelevant to K.S.A. § 60-3306.

The court disagrees. The Kansas Legislature set forth specific definitions to be applied in the KPLA. K.S.A. § 60-3306 incorporates the definition of "manufacturer" set out in K.S.A. § 60-3302(b). In its summary judgment briefing, defendant Cabela's appears to acknowledge that it meets the definition of "manufacturer" in K.S.A. § 60-3302(b). (Def. Cabela's Reply at 3, par. 7.) With this acknowledgment, defendant Cabela's cannot satisfy prong (c) of the innocent seller defense and summary judgment is improper. The court notes, however, that in other pleadings, defendant Cabela's has asserted that it is not a manufacturer. In any event, even if defendant Cabela's does not acknowledge that it is a "manufacturer" for purposes of the KPLA, it is not entitled to summary judgment. Whether defendant Cabela's holds itself out as a manufacturer of the King Kooker by selling the cooker as "Cabela's Turkey Frying Kit" is a genuine issue of material fact that cannot be resolved on summary judgment. *Davis v. U.S. Gauge*, 844 F.Supp. 1443, 1446 (D. Kan. 1994) (finding that whether a defendant holds itself out as a manufacturer when its label is attached to the product is a question of fact). Because this issue is dispositive of defendant Cabela's

-5-

motion, the court need not address plaintiff's remaining arguments. Defendant Cabela's motion for summary judgment is denied.

**IT IS THEREFORE ORDERED** that the Motion of Defendants Metal Fusion, Inc. and Cabela's Retail, Inc. for Summary Judgment (Doc. 61) is denied.

**IT IS FURTHER ORDERED** that the Motion of Defendant Beijing Garden, Inc. for Summary Judgment (Doc. 63) is denied.

**IT IS FURTHER ORDERED** that the Motion of Defendant Cabela's Retail, Inc. for Summary Judgment (Doc. 64) is denied.

Dated this  15th day of December 2006, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**